1NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THRIFTMASTER GLOBAL HOLDINGS, INC., *Plaintiff*, | § § § § § § § § § | Case No. _____ |
| v. | | |
| CONOR GREEN CONSULTING, LLC, *Defendant*. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Thriftmaster Global Holdings, Inc. ("Thriftmaster") files this original complaint against Defendant Conor Green Consulting, LLC ("Conor Green") seeking, in part, all sums due and owing to Thriftmaster by Conor Green under a promissory note and forbearance agreement concerning a loan in the principal amount of $300,000.

**PARTIES**

1. Thriftmaster Global Holdings, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Dallas, Texas.

2. Conor Green Consulting, LLC, is a limited liability company existing under the laws of the State of Illinois with a principal place of business in Chicago, Illinois. Upon information and belief, the citizenship of all partners of Conor Green is Illinois. Conor Green Consulting, LLC, may be served with process via its registered agent: Terence Dunleavy, 55 West Wacker Drive, Suite 1400, Chicago, Illinois 60601.

1

## JURISDICTION AND VENUE

3. The court has personal jurisdiction, specific and general, over Conor Green in this action because a substantial part of the events or omissions giving rise to the claim occurred in Dallas, Dallas County, Texas, and Conor Green has engaged in "continuous and systematic" activities with the State of Texas. The subject dispute grew directly out of a promissory note, subscription agreement, and forbearance agreement which had a substantial connection with Texas. Conor Green deliberately contacted, solicited, and negotiated with Thriftmaster, a Texas corporation, for a substantial loan in exchange, in part, for an ownership stake in Conor Green, thereby creating a continuing business relationship with Thriftmaster. After defaulting on the promissory note, Conor Green again deliberately contacted, solicited, and negotiated with Thriftmaster for a forbearance agreement on the defaulted loan in exchange, in part, for an additional ownership stake in Conor Green. Moreover, Conor Green, by executing the promissory note and the forbearance agreement, pledged to pay funds and incurred a continuing obligation to pay such funds to Thriftmaster, a Texas corporation, via wire transfer or other acceptable remittance to Thriftmaster's bank account in Texas.

4. The court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Specifically, Conor Green has failed to pay Thriftmaster money due on a promissory note in the

principal amount of over $200,000. Further, Thriftmaster is a citizen of Delaware and Texas, and Conor Green is a citizen of Illinois.

5. Venue is proper in the court under 28 U.S.C. § 1391(b)(2) because: "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

## FACTUAL BACKGROUND

6. Thriftmaster is a manufacturer and wholesaler of THC-free cannabis products. Conor Green advertises itself as a consulting and investment group focusing on the cannabis industry.

7. On December 5, 2019, Conor Green, as borrower, and Thriftmaster, as lender, entered into a promissory note ("Promissory Note"), wherein Conor Green agreed to pay Thriftmaster the original principal sum of $250,000, plus any accrued interest, on or before the May 1, 2020, maturity date. (Promissory Note, attached as **Exhibit 1**.) Contemporaneously with the Promissory Note, Conor Green granted to Thriftmaster a 2% ownership stake (34 units) in Conor Green under a subscription agreement ("Subscription Agreement"). (Subscription Agreement, attached as **Exhibit 2**.) Despite its agreement and promises, Conor Green defaulted on the Promissory Note by not paying the amount due and owing to Thriftmaster by May 1, 2020.

8. On August 27, 2020, at Conor Green's request, Thriftmaster agreed to temporarily refrain from exercising any default-related rights and remedies against

Conor Green ("Forbearance Agreement"). (Forbearance Agreement, attached as **Exhibit 3**.) Under the Forbearance Agreement, Conor Green agreed that the outstanding amount owed under the Promissory Note was not less than $250,000, that the Promissory Note is a valid and binding obligation of Conor Green, and that Conor Green has no defenses, offsets, or counterclaims against Thriftmaster or the enforcement of the Promissory Note. (Ex. 3 at §§ 2, 5.)

9. The Forbearance Agreement provided for two extension periods: the first extending the Maturity Date to August 1, 2020; and the second further extending the Maturity Date to November 1, 2020. (Ex. 3 at § 3(c), (d).) Both extension periods required Conor Green to pay a loan extension fee of $25,000, which increased the principal balance of the Promissory Note to $300,000. (Ex. 3 at § 3(d).) Again, despite its promises, Conor Green defaulted on the Promissory Note and Forbearance Agreement by not paying the amount due and owing to Thriftmaster by November 1, 2020.

10. Thereafter, Thriftmaster terminated the Forbearance Period by providing several notices to Conor Green that the principal sum of $300,000, plus any accrued interest, must be paid in full immediately, and that Thriftmaster may exercise any default-related rights and remedies against Conor Green if such payment is not received.

11. From January 2021 to September 2021, Conor Green made arbitrary payments to Thriftmaster totaling $180,000. Under the Forbearance Agreement, the $180,000 in payments were credited as follows: $50,000 to the loan extension fees;

$101,830.45 to interest; and $28,169.55 to principal. (Ex. 3 at § 3(f).) As of May 5, 2022, Conor Green is indebted to Thriftmaster for the sum of $255,378.51, which includes outstanding principal and accrued interest; however, this sum does not include other amounts which are payable, chargeable, or otherwise reimbursable, such as attorney fees and expenses for Thriftmaster's collection efforts.

12. Thriftmaster has provided Conor Green every required notice and reasonable opportunity to cure its defaults under the Promissory Note and Forbearance Agreement. (Demand Letters, attached as **Exhibit 4**.) But, Conor Green remains in default under the Promissory Note and Forbearance Agreement for not paying all outstanding principal and interest due and for failing to timely comply with material terms and conditions set forth in those agreements.

13. All conditions precedent to Thriftmaster's recovery under the Promissory Note and the Forbearance Agreement have been fully performed, have occurred, or have been waived.

## CAUSES OF ACTION

### COUNT ONE: UNPAID PROMISSORY NOTE

14. Thriftmaster incorporates by reference all factual allegations contained in paragraphs 1 through 13 above.

15. Conor Green did not pay to Thriftmaster the principal sum of $250,000, plus accrued interest, by May 1, 2020, as agreed to and promised under the Promissory Note

5

executed by Conor Green. (Ex. 1.) On August 27, 2020, Conor Green agreed that the Promissory Note is a legal, valid, and binding obligation, that the outstanding principal balance owed to Thriftmaster under the Promissory Note was not less than $250,000, and that Conor Green has no defenses, offset, or counterclaims against the enforcement of the Promissory Note. (Ex. 3 at §§ 2, 5.)

16. Thriftmaster, as the owner and holder of the Promissory Note, has the right to immediately enforce its rights to payment under the Promissory Note and Forbearance Agreement, and Conor Green agreed not to dispute or contest the validity or enforcement of the Promissory Note or Forbearance Agreement. (Ex. 3 at § 2(c).) As of May 5, 2022, Conor Green owes $255,378.51 to Thriftmaster under the Promissory Note and Forbearance Agreement, consisting of a principal balance in the amount of $221,830.45, plus accrued interest in the amount of $33,548.06. Conor Green also owes to Thriftmaster additional interest, fees, expenses, and other amounts which are payable, chargeable, or otherwise reimbursable under the Promissory Note or Forbearance Agreement. (Ex. 3 at § 2(b).)

17. It is undisputed that Conor Green executed the Promissory Note and Forbearance Agreement, and that Thriftmaster is the holder of the Promissory Note. Conor Green also acknowledged that, as of August 27, 2020, it still owed no less than $250,000 on the Promissory Note. Thus, Thriftmaster seeks recovery from Conor Green

all outstanding principal, accrued interest, and other interest, fees, and expenses payable under the Promissory Note and Forbearance Agreement.

## COUNT TWO: BREACH OF CONTRACT

18. Thriftmaster incorporates by reference all factual allegations contained in paragraphs 1 through 17 above.

19. The Promissory Note is a valid and binding agreement executed by Conor Green, which explicitly imposes the duty, among others, on Conor Green to pay to Thriftmaster the principal sum of $250,000, together with any accrued interest, on or before May 1, 2020. (Ex. 1.) The Promissory Note also obligates Conor Green to pay to Thriftmaster all outstanding principal and interest due within 10 business days after receipt of a payment demand notice from Thriftmaster. (Ex. 1 at ¶ 1.) Conor Green breached the Promissory Note by not paying the promised amounts when due and upon demand, and those breaches resulted in damages to Thriftmaster in an amount no less than $250,000, plus all other interest, fees, expenses, and other amounts which Conor Green is obligated to pay under the Promissory Note.

20. The Forbearance Agreement is a valid and binding agreement executed by Conor Green, which explicitly imposes duties, among others, on Conor Green to make partial payments under the Promissory Note, to pay fee(s) for the extension of the maturity date by a date certain, to issue an additional four Units of Conor Green to Thriftmaster under the Subscription Agreement (for an aggregate of 38 Units to

7

Thriftmaster), to pay to Thriftmaster the outstanding principal sum, together with any accrued interest, on or before November 1, 2020, and to fully cooperate in the timely filing of a UCC-1 (based upon the continued default) confirming Thriftmaster's security interest in the assets of Conor Green. (Ex. 3.) Conor Green breached the Forbearance Agreement by not complying with those duties, and each of the breaches resulted in damages to Thriftmaster in an amount no less than $250,000, plus all other interest, fees, expenses, and other amounts which Conor Green is obligated to pay under the Promissory Note and Forbearance Agreement.

## COUNT THREE: JUDICIAL FORECLOSURE OF COLLATERAL

21.     Thriftmaster incorporates by reference all factual allegations contained in paragraphs 1 through 20 above.

22.     The Promissory Note and Forbearance Agreement are valid and binding agreements executed by Conor Green. (Ex. 3 at § 2(c).) Section 3(g) of the Forbearance Agreement grants Thriftmaster a security interest in "the assets" of Conor Green. Conor Green failed to fully cooperate in the timely filing of a UCC-1 financing statement; nonetheless, in January 2022, Thriftmaster successfully submitted UCC-1 financing statements concerning "all of the assets of" Conor Green in Texas, New York, and Illinois (the "Collateral"). (Ex. 4.)

23. Thriftmaster is the owner and holder of the Promissory Note, the Forbearance Agreement, and the corresponding security interest in the Collateral granted therein.

24. Conor Green failed to make payments due under the Promissory Note and the Forbearance Agreement. Thriftmaster demanded Conor Green's compliance with the Promissory Note and Forbearance Agreement, and provided Conor Green a reasonable opportunity to comply with such demands. Conor Green did not comply with the demands, and Thriftmaster issued written notice terminating the forbearance period and exercising its rights under the Promissory Note and Forbearance Agreement. Conor Green remains in default by refusing and continuing to refuse to make the payments due and owing under the Promissory Note and the Forbearance Agreement.

25. In light of Conor Green's defaults and failure to comply with material terms in the Forbearance Agreement, Thriftmaster seeks to exercise all of its default-related rights and remedies, including a foreclosure sale of the Collateral in an amount sufficient to satisfy all of the debt owed by Conor Green to Thriftmaster. (Ex. 3 at § 4(c).)

26. Therefore, Thriftmaster is entitled to have a full accounting of the Collateral, to have its security interest in the Collateral foreclosed, to have a foreclosure sale of the Collateral conducted, and to have the proceeds of the foreclosure sale applied to satisfy the debt owed by Conor Green to Thriftmaster.

## COUNT FOUR: ATTORNEY FEES AND EXPENSES

27. Thriftmaster incorporates by reference all factual allegations contained in paragraphs 1 through 26 above.

28. Under the Promissory Note, Conor Green explicitly agreed: "to pay all expenses, including reasonable attorneys' fees, incurred by [Thriftmaster] the holder of this [Promissory] Note in endeavoring to collect any amounts payable hereunder which are not paid when due." (Ex. 1 at § 10; Ex. 3 at § 2(b).) Despite Thriftmaster's efforts, Conor Green has failed and refused to pay amounts due under the Promissory Note and Forbearance Agreement. As a result, Thriftmaster has been required to retain the law firm of Bell Nunnally & Martin LLP, to enforce Thriftmaster's rights under the Promissory Note and Forbearance Agreement, and has incurred, and will continue to incur, reasonable attorney fees and expenses.

29. Pursuant to the Promissory Note and Forbearance Agreement, as well as controlling law, Thriftmaster is entitled to recover its reasonable attorney fees and expenses incurred in its collection efforts and in the prosecution of this lawsuit.

## CONCLUSION & PRAYER

Thriftmaster Global Holdings, Inc., respectfully request that this court grant judgment in favor of Thriftmaster and against Conor Green Consulting, LLC, thereby awarding Thriftmaster actual damages in excess of $255,378.51 all interest, fees, expenses, and other amounts due and owed by Conor Green under the Promissory Note and

Forbearance Agreement, including but not limited to attorney fees and expenses incurred by Thriftmaster from its collection efforts and in the prosecution of this lawsuit, post-judgment interest as permitted by law, and all other and further relief, at law and in equity, general and special, to which Thriftmaster may be justly entitled.

Dated: May 6, 2022.

Respectfully submitted,

By: */s/ David A. Walton*
David A. Walton
Texas Bar No. 24042120
dwalton@bellnunnally.com
Mason G. Jones
Texas Bar No. 24116586
mjones@bellnunnally.com
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1445
Fax (214) 740-5745

*Counsel for Plaintiff*
*Thriftmaster Global Holdings, Inc.*